# Eby *v.* Shank.

*Will—Devise—Rule in Shelley's case.*

A devise to a son for life, and "if he has no son living at the time of his death, then to his heirs and legal representatives" creates in the son, under the rule in Shelley's case, an estate in fee simple if he dies without leaving a son living at his death.

Argued May 15, 1900.    Appeal, No. 302, Jan. T., 1899, by defendant, from judgment of C. P. Lancaster Co., April T., 1899, No. 19, on case stated in the suit of Milton Eby, executor of Robert A. Evans, deceased, v. H. J. Shank. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Affirmed.

Case stated to determine title to real estate.

The case stated was as follows :

Robert A. Evans, grand-uncle of the plaintiff, died in Lancaster on August 28, 1889, and by his last will and testament, duly proven in the register's office of Lancaster county, and recorded in will book 1, vol. 2, page 31, provided among other things as follows :

" I give and devise to my grand-nephew, Robert A. Evans, son of nephew, James Evans, my farm or tract of land in East Drumore township, Lancaster county, purchased from the executors of Sanders McCullogh, containing two hundred and fifty acres, be the same more or less, with the appurtenances, for and during the term of his natural life, but he shall not cut and use more of the timber growing on said premises than what is needful and necessary to keep the farm thereon in good repair, and from and immediately after his decease, I give and devise the same unto his oldest son living at the time of his death. If he has no son living at the time of his death, then to his legal heirs and representatives."

Robert A. Evans, the devisee and plaintiff in this suit died on November 29, 1898, leaving no children to survive him, but a widow, Daisy Evans, his father, James Evans and five brothers and sisters, Gertrude K. Evans, Charles L. Evans, Harry Evans, Susan J. Evans and James Evans.

By his will, dated May 31, 1897, and recorded in the register's office of Lancaster county, in will book N, vol. 2, page 79, he devised the said farm to his executor in trust to sell and distribute as follows : $500 to each of his brothers and sisters and the balance, after payment of debts, to his wife, Daisy Evans, and appointed Milton Eby his executor.

James Evans, the father of Robert A. Evans, the plaintiff, here claims that under the clause of his uncle's will (above set forth) devising the farm to his son, Robert A. Evans, no son having been born, the farm passed to him for the term of his natural life, under the intestate laws and the will of Robert A. Evans, Sr., as the heir of his son, and that Robert A. Evans, the plaintiff, had no power to will or devise the farm so left in trust for his life, and, therefore, died intestate under his granduncle's will.

James Evans having sold the interest he claims in said farm to H. J. Shank, the defendant in this suit, the court is asked to find as follows :

1. If the court be of the opinion that Robert A. Evans, under the will of his uncle, Robert A. Evans, was seized at the time of his death in an absolute estate in fee simple, in said farm so devised to him, then judgment to be entered for the plaintiff.

2. But if the court be of the opinion that Robert A. Evans, under the will of his uncle, Robert A. Evans, was not seized at the time of his death in an absolute estate in fee simple, but only a life estate, in said farm so devised to him, then judgment to be entered for the defendant, the costs to follow the judgment, and either party reserving the right to sue out a writ of error therein.

The court entered judgment for the plaintiff.

*Error assigned* was the judgment of the court.

*W. H. Keller*, of *Coyle & Keller*, with him *T. J. Davis*, for appellant.—The rule in Shelley's case cannot and does not apply where the estate in remainder is devised to persons pointed out and designated by name, or to any specified person or persons, who do not constitute in themselves fully and entirely "the heirs" to whom the estate would descend from the first taker, if he owned a fee simple and died intestate : Dunwoodie

v. Reed, 3 S. & R. 435; Bennett v. Morris, 5 Rawle, 9; Findlay v. Riddle, 3 Binney, 139; McDonald v. Dunbar, 20 W. N. C. 559; Curtis v. Longstreth, 44 Pa. 297; Powell v. Board of Domestic Missions, 49 Pa. 46; Sutton v. Stone, 2 Atkyns, 101.

*Arthur G. Dickson*, for Daisy Evans.—In order to bring the rule in Shelley's case into operation the subsequent estate must be limited to the heirs qua heirs of the first taker. That is to say, it must be to the heirs or heirs of the body as an entire class or denomination of persons, and not merely to individuals embraced within such class: 1 Preston on Estates, 283; Doebler's App., 64 Pa. 9; Kleppner v. Laverty, 70 Pa. 70.

The bounty designed for the heirs is anticipated and transferred by the rule to the ancestor, because he takes a preceding estate of freehold of the same quality under the same instrument.

The heirs general of a person cannot take from him by purchase, they must take from him by descent: Stewart v. Kenower, 7 W. & S. 288; Ballard v. Ballard, 18 Pick. (Mass.) 41; In re White & Hindle's Contract, L. R. 7 Ch. Div. 201; Crofts v. Middleton, 2 K. & J. 194; Goodrich v. Lambert, 10 Conn. 448; Dennett v. Dennett, 43 N. H. 499; Brown v. Renshaw, 57 Md. 67.

*W. U. Hensel* and *E. M. Gilbert*, for appellee.—The joinder of the two estates was liable to be defeated by the birth of a son or sons, but when none were born, the two estates under the rule in Shelley's case united together and he was seized of an estate in fee simple: Paxson v. Lefferts, 3 Rawle, 59; Stewart v. Kenower, 7 W. & S. 288; Physick's App., 50 Pa. 128; Hiester v. Yerger, 166 Pa. 445.

We believe that Robert A. Evans, Sr., meant by the word "son," lineal succession of the first taker male, and in default to his heirs in nomen collectivum, and therefore, to be used as a word of limitation, for it was recognized as the law as far back as Stewart v. Kenower, 7 Watts & Sergeant, 288, and where the contingent limitation failed the devisee took an estate in fee simple: Melsheimer v. Gross, 58 Pa. 412; Grimes v. Shirk, 169 Pa. 74; Curry v. Patterson, 183 Pa. 239; Flick v. Oil Co., 188 Pa. 317; Eichelberger v. Barnitz, 9 Watts, 447; Kleppner v. Laverty, 70 Pa. 70; Cochran v. Cochran, 127 Pa. 486.

PER CURIAM, May 29, 1900:

The sentence in the will of Robert A. Evans, the elder, which gave to the oldest son of Robert A. Evans, the younger, the fee simple of the farm which was devised for life to Robert A. Evans, the younger, became nugatory and of no effect whatever, because there never was any son of the devisee for life. He never had a son and hence there was nothing upon which this provision of the will could operate. By consequence the next succeeding sentence of this clause of the will became the only operative provision for the succession to the life estate. It is in these words, "If he has no son living at the time of his death, then to his heirs and legal representatives." The will must be read as if the devise to the oldest son were never written into it, because the immediately following devise to the heirs and legal representatives of the devisee for life is the alternative and the only alternative, provided by the will itself. That this alternative devise brings the case within the rule in Shelley's case is too plain for argument.

Judgment affirmed.